UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE BOTELHO,<br><br>    Plaintiff,<br><br>    v.<br><br>MONETARY MANAGEMENT OF CALIFORNIA, INC,<br><br>    Defendant. | No. 2:18–cv–838–MCE–KJN PS<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS FOR FAILURE TO PROSECUTE |

On April 5, 2018, plaintiff filed a complaint in this court with the assistance of counsel. (ECF No. 1.) The action was stayed pending arbitration, but in late 2019 plaintiff's counsel filed a notice of withdrawal. (ECF Nos. 13, 16.) Counsel filed a formal motion to withdraw in April of 2020 noting plaintiff had "ceased all communications" with counsel, and the district court granted this request. (ECF Nos. 18, 20.) In March of 2022, the court ordered a joint status report from the parties, and defendant responded that since counsel's withdrawal, plaintiff had not taken any steps to prosecute the action. (ECF Nos. 21, 23.) The district court referred this matter to the undersigned under Local Rule 302(c)(21), and the court ordered plaintiff to show cause why the action should not be dismissed for failure to prosecute. (ECF Nos 24, 25.) No response was had from plaintiff, who has been absent from these proceedings since early 2020.

////

////

For the reasons stated below, the court RECOMMENDS dismissal of this action with prejudice for failure to prosecute.

**DISCUSSION**

Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself [] without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). A district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules. See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik, 963 F.2d at 1260. Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

> the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two Ferdik factors weigh in favor of dismissal because this case has already been delayed by plaintiff's failure to take the steps necessary to move it forward. The third factor also favors dismissal, because, at a minimum, defendants have been deprived of an opportunity to prepare their defense; with the passage of time, witnesses' memories fade and evidence becomes stale. Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. Specifically, the court, cognizant of plaintiff's pro se status, provided her with an opportunity to explain why she had not taken steps to move this case forward after two years with no action, but no response was had. (ECF No. 25.) Simply, plaintiff has been incommunicado since her attorney withdrew in 2020 (due to plaintiff's failure to communicate), leaving the court with little alternative but to recommend dismissal. Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other Ferdik factors. Indeed, it is plaintiff's own failure to prosecute the case and comply with the rules that precludes a resolution on the merits. Therefore, under the Ferdik factors, the court concludes that dismissal is appropriate.

## RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that:

1. The action be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b); and
2. The Clerk of Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District

court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  August 5, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bote.838